UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERSON ALEXANDER
JUEP-TSUKANKA,

        Petitioner

        v.

JESSICA SAGE, *et al.*,

        Respondents

        :
        :
        :     CIVIL ACTION NO. 3:26-767
        :
        :     (JUDGE MANNION)
        :
        :

## MEMORANDUM

Pending before the court is petitioner Jefferson Alexander Juep-Tsukanka's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). For the reasons stated herein, Juep-Tsukanka's petition will be **GRANTED IN PART** and **DISMISSED IN PART**.

## I.    BACKGROUND

Petitioner Jefferson Alexander Juep-Tsukanka is a citizen of Ecuador. (Doc. 4-2 at 2). In early 2014, he entered the United States without inspection. *Id.* He has since resided in the United States, establishing ties to Philadelphia, Pennsylvania.

On May 10, 2014, approximately two months after entering the United States, Juep-Tsukanka was taken into immigration custody at Rio Grande City, Texas, after, according to him, he contacted authorities for help

because he was being held for ransom in a shed. (Doc. 1 at 2). After a short hospital stay, he was briefly detained and issued a notice to appear, charging him with removability under §212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien present in the United States without being admitted or paroled. (Doc. 4-3).

On June 12, 2018, Juep-Tsukanka was charged with driving under the influence in Philadelphia. (Doc. 4-2 at 4). He was placed on accelerated rehabilitative disposition. *Id.*

On November 30, 2021, Juep-Tsukanka applied for withholding of removal under the Convention Against Torture ("CAT"), as well as asylum relief. *Id.* His status is pending. *Id.* Further, on January 27, 2025, Juep-Tsukanka was approved for an I-765 work authorization. *Id.*

On December 8, 2025, Juep-Tsukanka was arrested and charged in Philadelphia County with aggravated assault, robbery, criminal mischief, possession of a criminal instrument with intent to use, terroristic threats, simple assault, and recklessly endangering another person. *Commonwealth of Pennsylvania v. Jefferson A. Juep*, Docket No. MC-51-CR-0022788-2025.

Shortly thereafter, on December 23, 2025, he was arrested by ICE officers and detained. (Doc. 4-2 at 3). He was then charged as an

inadmissible alien under 8 U.S.C. §1182. *Id.* He is currently detained at FCI Lewisburg in Lewisburg, Pennsylvania.

On March 25, 2026, Juep-Tsukanka filed the present petition for a writ of habeas corpus. (Doc. 1). On April 16, 2026, Respondents filed their response. (Doc. 4). Juep-Tsukanka did not file a reply brief. The petition is now ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III.    DISCUSSION

### a.  Jurisdiction over Juep-Tsukanka's APA claim

The fourth claim of Juep-Tsukanka's petition alleges a violation of the Administrative Procedure Act ("APA"). (Doc. 1 at 13). The APA is only available to challenge a final agency action "for which there is no other adequate remedy in court." 5 U.S.C. §704. Where "claims for relief 'necessarily imply the invalidity' of their confinement . . . claims fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). Thus, the court lacks jurisdiction over Juep-Tsukanka's APA claim. Accordingly, it will be **DISMISSED WITHOUT PREJUDICE**.

### b.  Jurisdiction over the remaining claims

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien

- 4 -

under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3

(M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### c. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Juep-Tsukanka is detained under 8 U.S.C. §1225(b)(2)(A), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### d. 8 U.S.C. §1226(a) applies to Juep-Tsukanka

Respondents argue that Juep-Tsukanka is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2)(A), which does not allow for courts to hold a bond hearing. Juep-Tsukanka, on the other hand, argues that his detention under §1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") and his procedural due process rights, and that he is subject to discretionary detention under 8 U.S.C. §1226(a), which would entitle him to a bond hearing.

Courts nationwide, including this court, have been dealing with the very issue presented in this case. Namely, whether a noncitizen habeas petitioner who has been residing in the United States for some time is subject to the mandatory detention provision of §1225(b)(2)(A). In *Cunha v. Freden*, the United States Court of Appeals for the Second Circuit considered the issue and ruled that it is "clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 2026 WL 1146044, *2 (2d Cir. Apr. 28, 2025). In reaching this conclusion, the court noted that its "holding is consistent with the decisions of over 370 district judges across the Nation

- 7 -

who (as of mid-February 2026) have also rejected the government's position. In other words, over ninety percent of district judges have sided with Petitioner." *Id.* at *4. The undersigned has consistently joined in this consensus interpretation and will continue to do so. Indeed, the Government notes that it "acknowledges that no court in this district has agreed with its position." (Doc. 4 at 4).

For §1225(b)(2)(A) to apply: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt v. Soto*, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. §1225(b)(2)(A)).

The consensus view of the courts is that "seeking admission" requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry." *Gonzalez Centeno v. Lowe*, 2026 WL 94642, at *3 (M.D.Pa. Jan. 13, 2026) (quoting *Quispe v. Rose*, 2025 WL 3537279, at *5 (M.D.Pa. Dec. 10, 2025)); *see also Cunha*, 2026 WL 1146044 at *8 ("When the statute says, 'alien seeking admission,' it therefore refers to a noncitizen who is seeking admission *right now*, not one who sought admission in the past but no longer is") (emphasis in original). An individual affirmatively "seeking admission" should not be confused as being the same

as an "applicant for admission." *See Patel v. O'Neil*, 2025 WL 3516865, *5 (M.D.Pa. Dec. 8, 2025) (finding that such an interpretation of "seeking admission" violates the rule against surplusage). Therefore, because "seeking admission" applies to individuals in an affirmative act, §1225(b)(2)(A) does not apply to "noncitizens . . . who have resided in the United States for years." *Id.* Furthermore, while the "entry fiction" doctrine "allows the government to treat physical entrants as if still 'on the threshold' if they are 'detained shortly after lawful entry' . . . no one could seriously contend that it applies to a noncitizen like [the petitioner] who has been living in the United States for [an extended period of time]. Under settled Supreme Court precedent, 'aliens who have once passed through our gates, *even illegally*, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Cunha*, 2026 WL 1146044 at *15 (emphasis in original).

As for §1226(a), it allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional

- 9 -

parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing, but not entitled to a second bond hearing after their first has been denied).

Here, Juep-Tsukanka has been living in the United States since 2014. (Doc. 4-2 at 4). He was taken into immigration custody on December 23, 2025. *Id.* at 3. Therefore, he is not "seeking admission" as defined by §1225(b)(2)(A). Accordingly, 8 U.S.C. §1226(a) applies. Furthermore, because of his improper detention under §1225(b)(2), he has not yet been provided with a bond hearing. Thus, he is entitled to one.

   **e. Juep-Tsukanka's detention under 8 U.S.C. §1225(b)(2)(A) does not violate due process**

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether

their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention under §1225(b)(2)(A) violates due process, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals no violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Juep-Tsukanka's erroneous detention under §1225(b)(2)(A) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely"). However, third, the

- 11 -

Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community." *Quispe*, 2025 WL 3537279 at *7 (citing *Zadvydas*, 533 U.S. at 690). Juep-Tsukanka currently has charges pending against him for crimes including aggravated assault, terroristic threats, and robbery. *Commonwealth of Pennsylvania v. Jefferson A. Juep*, Docket No. MC-51-CR-0022788-2025.

Thus, upon weighing of the *Mathews* factors, the court finds that Juep-Tsukanka's continued detention under §1225(b)(2)(A) does not violate his procedural due process rights. Therefore, while he is entitled to a bond hearing under §1226(a) because of his improper detention under §1225(b)(2)(A) in violation of the INA, he is not entitled to release by this court at this time. That determination will be better made by the immigration judge at Juep-Tsukanka's bond hearing.

### f.  EAJA fees and costs

Juep-Tsukanka will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of this judgment. *See Michelin v. Warden Moshannon Valley Correctional Center*, --F.4th--, 2026 WL 263483 (3d Cir. Feb. 2, 2026) (holding that a petition for a writ of habeas corpus from immigration detention

under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified").

## IV.    CONCLUSION

For the foregoing reasons, Juep-Tsukanka's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED IN PART** insofar as it requests a bond hearing. Because Juep-Tsukanka's detention falls under 8 U.S.C. §1226(a), the Government will be required to provide him with a bond hearing within fourteen days. Further, the petition will be **DISMISSED IN PART WITHOUT PREJUDICE** with respect to claim four of the petition, which is brought under the APA. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 5/1/26
26-767-01

- 13 -